## GORDON STEWARD et al. v. STATE.

No. A-4299.   Opinion Filed Nov. 8, 1923.
(219 Pac. 960.)

(Syllabus.)

**Intoxicating Liquors—Evidence Insufficient to Sustain Conviction of Unlawful Transportation.** In a prosecution for transporting intoxicating liquor, the verdict held not warranted nor sustained by the evidence.

Appeal from County Court, Washita County; J. L. Jackson, Judge.

Gordon Steward and another were convicted of unlawfully transporting intoxicating liquor, and they appeal. Reversed.

Renegar, Bailey & Billups, for plaintiff in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiffs in error, Gordon Steward and Perry Powell, were tried and convicted, and each sentenced to be confined in the county jail for 60 days and to pay a fine of $100 on an information charging that in Washita county, on the 11th day of August, 1921, they did unlawfully transport whisky from some place in the state of Oklahoma unknown to the home of one A. J. Williams, northeast of Colony, in Washita county.

The petition in error, among other assignments, alleges that the verdict is not sustained by the evidence.

The state relied for this conviction upon the testimony of Charley and David Williams and that of their mother, Mrs. A. J. Williams. It appears that defendant Gordon Steward is a son-in-law of Mrs. Williams, and defendant Powell is a brother-in-law of defendant Steward, having married his sister, and that both defendants were living in Caddo county, near the town of Hinton.

Charley Williams testifies:

"A. J. Williams, my father, lives three miles east and three north of Colony. Gordon Steward married my sister. His home is three miles beyond Hinton. I visited Gordon Steward twice during the summer; the first time I stayed four days, and the second time two hours. Perry Powell was there at Gordon's and we went over to Hinton; from there

we went to my father's in a roadster. Gordon drove the car, and we arrived home about sundown. I saw just a pint. Gordon had it, I think. All of us had it a part of the time. I could not swear it was whisky. We drank it over in Caddo county. I never did see Gordon have any whisky on the premises, and when I got home I did not see any whisky there. I heard Gordon tell Perry to give the old man a drink. My father did not take a drink."

David Williams testifies:

"I am 12 years old. Gordon Steward is my brother-in-law. He lives down by Hinton. I did not see Gordon or Perry have any whisky when they came to our place."

Mrs. A. J. Williams testifies:

"The defendants, with my sons, Jack and Charley, came to our place in a car. I did not see any whisky that evening. I heard Perry say that he believed he would give the old man a drink; that is all I know with reference to the whisky."

The state rested, and the defendants demurred to the evidence, and moved the court to direct the jury to return a verdict of acquittal, for the reason that the evidence is insufficient to warrant a conviction. The motion was overruled, and exception allowed.

As witnesses in their own behalf defendants each denied having any whisky on the trip or transporting any whisky as charged, and each denied having offered a drink of whisky to A. J. Williams. It appears that this was the first time that either was ever charged with violating the prohibitory liquor law.

A careful consideration of the evidence convinces us that it is not sufficient to show the transportation of whisky in Washita county. The only evidence tending to show possession fixes the place in Caddo county. It follows that the

state failed to prove the offense charged, and the defendants' motion for a directed verdict should have been sustained.

Upon a consideration of all the testimony we are satisfied that the offense charged has not been established by that degree of proof required by law. The judgment of the lower court is therefore reversed.

MATSON, P. J., and BESSEY, J., concur.